# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1161V

Filed: August 21, 2019

```
* * * * * * * * * * * * *
EOIN COFFEY,                    *     UNPUBLISHED
                                *
        Petitioner,             *
                                *
v.                              *     Attorneys' Fees and Costs
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
        Respondent.             *
* * * * * * * * * * * * *
```

*Andrew Downing, Esq.*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Lara Englund, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 9, 2015, James and Christina Coffey filed a petitioner for compensation under the National Vaccine Injury Compensation Program on behalf of their son, E.C., who was a minor at the time of filing.[2] Eoin Coffey ("petitioner") has since reached the age of majority and the caption in this matter was amended to reflect this change on April 15, 2019. Petitioner alleged that he developed a neurologic disorder after receiving an influenza ("flu") vaccination on September 9, 2015, and a Prevnar-13 vaccine on October 10, 2012. Stipulation at ¶¶ 1-4, ECF No. 60. On May 16, 2019, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 61.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On May 20, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 41 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $26,139.04 (representing $20,400.00 in attorneys' fees and $5,739.04 in costs). Fees App. at 1. Additionally, petitioner requests attorneys' fees and costs in the amount of $28,940.61 (representing $25,195.70 in fees and $3,744.91 in costs) for the work of his former counsel. *Id.* at 2. Pursuant to General Order No. 9, petitioner warrants that he has not incurred any costs in pursuit of this litigation. *Id.* at 3. Respondent responded to the motion on May 20, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 64. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation, he is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's

attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

The undersigned has reviewed the requested hourly rates for the numerous attorneys who have worked on petitioner's case (five attorneys from Conway, Homer, P.C. and two attorneys from Van Cott & Talamante, PLLC worked on this case). All of the requested rates are consistent with what these individuals have previously been awarded for their Vaccine Program work in the given years and the undersigned finds them to be reasonable. Accordingly, no adjustment to the rates is necessary.

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*,

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the billing entries submitted by petitioner for the work of his attorneys. For the work performed by Conway, Homer, P.C., the undersigned finds that the billed hours all appear reasonable and that no reduction is necessary. For the work performed by Van Cott & Talamante, PLLC, the undersigned finds it necessary to reduce the number of paralegal hours billed due to excessive time billed for tasks such as reviewing scheduling orders and filing documents. This issue has previously been noted by the undersigned. *See Butler v. Sec'y of Health & Human Servs.*, No. 16-1027V, 2019 WL 1716073, at *3 (Fed. Cl. Spec. Mstr. Mar. 20, 2019). To correct for this issue, the undersigned shall reduce the hours billed by paralegal Danielle Avery by 10%, resulting in a reduction of **$180.90**.[4] Accordingly, the undersigned finds that petitioner is entitled to final attorneys' fees of **$25,195.70** for the work of Conway, Homer, P.C., and **$20,219.10** for Van Cott & Talamante, PLLC.

## C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,744.91 in costs for Conway, Homer, P.C. and $5,739.04 in costs for Van Cott & Talamante, PLLC. These amounts are comprised of acquiring medical records, postage, and work performed by petitioner's expert, Dr. Anthony Rodrigues. The undersigned has reviewed the submitted documentation supporting the costs and finds that all of the requested costs are reasonable and adequately supported. Accordingly, the full amount of costs for each firm is awarded to petitioner.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that petitioner is entitled to an award of attorneys' fees and costs as follows:

1) **$25,958.14, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Mr. Andrew Downing, Esq.; and**

---

[4] (13.4 hours * $135.00 per hour) = $1,809.00 * 0.1 = $180.90.

2) **$28,940.61, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his former counsel, Mr. Ronald Homer, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                                    **s/Mindy Michaels Roth**
                                                                    Mindy Michaels Roth
                                                                    Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).